THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AZEEM MODAK, | CASE NO. C19-1198-JCC |
| Plaintiff, | ORDER |
| v. | |
| VALLEY ELECTRIC, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for relief from judgment (Dkt. No. 17).

On May 7, 2020, the Court granted Defendant's motion and dismissed the case the case without prejudice. (Dkt. Nos. 15–16.) Plaintiff has captioned his present filing as an "appeal" but does not state that he is noticing an appeal to the Ninth Circuit Court of Appeals. (Dkt. No. 17 at 1.) Instead, Plaintiff states that Defendant's motion "does not apply for this Case" and that he "would like to appeal for court Judgement." (*Id.*) He further explains that he "would like to see the judge and explain about [his] case from [his] own word." (*Id.* at 4.) Although Plaintiff's filing is not entirely clear, Court construes it as a request for relief from a judgment under Federal Rule of Civil Procedure 60.

Rule 60(b) gives the Court discretion to relieve a party from a final judgment or order if that party moves for relief "within a reasonable time" and demonstrates one of the reasons for

relief listed in the rule. Rule 60(b) provides six grounds for setting aside a judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff states that he has not been in communication with the Court since its former courtroom deputy retired and that he did not receive any mail from the Court because of the COVID-19 stay home orders. (Dkt. No. 17 at 2–3.) He also states that he learned that the Court had granted Defendant's motion and dismissed his case only after he arrived at the courthouse on June 9, 2020, expecting to try his case. (*Id.* at 3.)

But all the Court's orders have been sent to Plaintiff via U.S. mail, including the order dismissing the case. (*See generally* Docket.) And it is a litigant's responsibility to maintain an updated address with the Court. *See* W.D. Local Civ. R. 10(f). Furthermore, Defendant has submitted evidence that on February 24, 2020, Defendant properly served and Plaintiff received the motion for judgment on the pleadings. (*See* Dkt. No. 19 at 1, 5.) That motion was clearly noted for March 20, 2020. (Dkt. No. 12 at 1.) Thus, Plaintiff was on notice of Defendant's motion. Therefore, Plaintiff has not shown "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). And because the Court's dismissal was without prejudice, he remains free to pursue his claims, including in state court.

Nor does Plaintiff identify any other ground for relief from the Court's judgment. *See* Fed. R. Civ. P. 60(b)(2)–(6). Accordingly, Plaintiff's motion for relief from judgment (Dkt. No. 17) is DENIED.

//

//

DATED this 21st day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE